UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                              Plaintiff

v.                                                               Criminal Action No. 3:17-CR-120-RGJ

AVERIC BIZOR                                                                          Defendant

\* \* \* \* \*

## MEMORANDUM OPINION

This matter is before the Court on the Defendant Averic Bizor's ("Bizor") objection to the Presentence Investigation Report's enhancement of the base offense level pursuant to § 4B1.1 of the United States Sentencing Guidelines. [DE 35, Def. Sentencing Memo.]. The United States filed a response. [DE 38, United States Sentencing Memo.]. Oral arguments were held on October 18, 2018 and further briefing was ordered. [DE 29]. Bizor and the United States filed supplemental briefing on the objections. [DE 42, United States Sentencing Memo., DE 43, Bizor Suppl. Brief]. Additional oral arguments were heard on November 20, 2018 and, sentencing was continued to December 11, 2018. [DE 44]. The Court will **SUSTAIN** Bizor's objection to the enhanced base offense level based upon whether robbery in the second-degree is a "crime of violence" as that term is defined under §§ 4B1.2(a)(1) or 4B1.2(a)(2) of the United States Sentencing Guidelines.

In the instant offense, Bizor pleaded guilty on July 25, 2018 to one count of being a felon in possession of a firearm and ammunition and two counts of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [DE 31, 33]. Following Bizor's plea, the United States Probation Office prepared Bizor's presentence investigation report ("PSI"). [DE 32, Disclosure of PSI]. As part of its investigation, the Probation Office

1

identified a prior conviction for second-degree robbery in violation of KRS 515.030 in Jefferson County, Kentucky, Circuit Court in 2005. *See* PSI at 8. The Probation Office determined the prior conviction for second-degree robbery constitutes a "crime of violence" pursuant to the definition under USSG § 4B 1.2(a). Accordingly, both the Probation Office and the United States believe the crime of violence enhancement should apply to increase Bizor's Guidelines base offense level. Bizor objects to the application of the enhancement, arguing the second-degree robbery conviction under KRS 515.030 does not qualify as a "crime of violence" under the Guidelines, § 4B1.2(a).

A.

Under the United States Sentencing Commission Guidelines, a defendant is a career offender if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a **crime of violence** or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a **crime of violence** or a controlled substance offense.

U.S.S.G. § 4B1.1(a)(emphasis added). If a defendant is subject to this enhancement, he receives a significant increase to his base offense level and automatically becomes a criminal history category VI for purposes of his advisory Guidelines range calculation. U.S.S.G. § 4B1.1(b). Here, the issue is whether Bizor's second-degree robbery conviction is a crime of violence, which would trigger the enhancement.

The 2018 Sentencing Guidelines Manual sets forth two definitions for "crime of violence." Specifically, the term "crime of violence" is defined in 4B1.2(a) as follows:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

 (1) **has as an element** the use, attempted use, or threatened **use of physical force** against the person of another, or

 (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense**, robbery**, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

A crime may thus be a "crime of violence" under either subsection (1) or subsection (2) of § 4B1.2(A). Under § 4B1.2(a)(1) a crime may be a crime of violence if it has an element of "use of physical force" as set forth in § 4B1.2(a)(1). This definition is often referred to as the "elemental" test or "elements" clause. Under § 4B1.2(a)(2) a crime may be a crime of violence if it is one of the enumerated crimes listed. This definition is often referred to as the "enumerated" test or "enumerated offense" clause. For Bizor to be subject to the career offender enhancement, his prior second-degree robbery conviction must satisfy at least one of those two definitions. After review, Bizor's second-degree robbery conviction does not satisfy either clause.

B.

Bizor's second-degree robbery conviction does not satisfy the elemental clause. A prior conviction qualifies under the use of force clause if it has "as an element the use, attempted use, or threatened use of *physical force* against the person of another." U.S.S.G. § 4B1.2(a)(1) (emphasis added). For purposes of this analysis, "physical force" is defined as "violent force— that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).[1] In order to determine whether second-degree robbery is a

---

[1] The Sixth Circuit treats "a crime of violence' under § 4B1.1(a) of the guidelines the same as a 'violent felony' under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1)...because both laws share essentially the same definitions…" *United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009). *See also United States*

"crime of violence" under the elements clause, the Court must assess "the minimum level of force criminalized by" the Kentucky second-degree robbery statute "and then resolve whether that conduct constitutes ... violent force" as used in *Johnson*. *See United States v. Yates*, 866 F.3d 723, 728 (6th Cir. 2017). The Court employs the categorical approach, which requires the Court to look "to the statutory definition of the offense and not the particular facts underlying the conviction." *United States v. Rede-Mendez*, 680 F.3d 552, 556 (6th Cir. 2012).

> KRS § 515.030 Robbery in the second-degree is set forth as follows:
>
> [a] person is guilty of robbery in the second degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft.

Kentucky defines "physical force" as "force used upon or directed toward the body of another person." KRS 515.010. By its plain language, Kentucky's definition of physical force appears to cover more than force "capable of causing physical pain or injury to another person." *See Johnson*, 559 U.S. at 140.

Kentucky case law further indicates that the minimum physical force required to be convicted of second-degree robbery is broader that the force as defined in *Johnson*. Specifically, in *Jones*, the Kentucky Court of Appeals held that force sufficient to take or snatch personal possession of another against his will constitutes robbery, including where the defendant takes a pocketbook from the hand of the victim so quickly that the victim did not have the opportunity to resist. *Jones v. Commonwealth*, 66 S.W. 633, 634 (Ky. App. 1902). Similarly, in *Davis* the Kentucky Court of Appeals noted that "[a]ny force which is sufficient to take the property

---

*v. Perry*, 703 F.3d 906, 910 (6th Cir. 2013)(stating "whether a conviction is a violent felony under [§ 924(e)] is analyzed the same way as whether a conviction is a 'crime of violence' under U.S.S.G. § 4B1.2." (citing *United States v. McMurray*, 653 F.3d 367, n.1 (6th Cir. 2011)(overruled on other grounds) and *United States v. Glover*, 681 Fed. App'x 432, 434 (6th Cir. 2017)(reiterating "whether a conviction is a 'crime of violence' in § 4B1.2(a) of the Sentencing Guidelines is subject to the same analysis as whether a conviction is a 'violent felony' under the ACCA.")).

against the owner's will is all that is necessary to make up the crime of robbery." *Commonwealth v. Davis*, 66 S.W. 27 (Ky. App. 1902)(holding that taking the purse of one who resisted is sufficient force to constitute robbery even though no blow or injury was inflicted). Likewise, the Kentucky Court of Appeals in *Stockton* held that the defendant was guilty of robbery for snatching money out of the victim's hand and running away, noting "that the felonious taking of property from a person against his will, by force or violence, however slight, constitutes the offense [of robbery]." *Stockton v. Com.,* 101 S.W. 298, 299 (Ky. App. 1907).

More recent unpublished Kentucky case law confirms that *de minimis* force is sufficient for a robbery conviction. *See, e.g.*, *Boger v. Commonwealth*, No. 2004-CA-000659-MR, 2005 Ky. App. Unpub. LEXIS 576, at *2 (Ky. App. July 22, 2005) (rejecting defendant's argument that "the act of grabbing an inanimate object, such as a purse," could not constitute "use of force" for purposes of § 515.030 (citing *Davis*, 66 S.W. 27)). For example, in the unpublished case of *Hatton v. Commonwealth*, the Kentucky Supreme Court held that the trial court was correct in denying the defendant's request in a robbery trial for a jury instruction on the lesser included offense of theft by unlawful taking. As part of its holding, the Court explained that the defendant "Hatton stole Curtis's wallet by physically wresting it away when she resisted his efforts to take it from her hands" and that "[b]y using physical force against Curtis to remove the wallet from her grasp, Hatton's theft became at least second-degree robbery." *Hatton v. Commonwealth*, No. 2014-SC-000248-MR, 2016 WL 2604806, at *4 (Ky. May 5, 2016). The *Hatton* court emphasized this was more than "a pickpocket-type situation whereby the theft was accomplished without the victim's awareness." *Id*. Thus, the *de minimis* action of wresting a wallet from the victim's grasp was enough to support at least a second-degree robbery conviction and the instruction on theft by unlawful taking was properly excluded. *Id*.

5

A comparison between second-degree robbery and first-degree robbery under Kentucky's statutes also supports a finding that second-degree robbery criminalizes a level of force less than force capable of causing physical pain or injury. First-degree robbery under KRS 515.020 contains the same basic elements as second-degree robbery, but must additionally be accompanied by one of three aggravating circumstances:

> (1) A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:
>
> (a) Causes physical injury to any person who is not a participant in the crime; or
>
> (b) Is armed with a deadly weapon; or
>
> (c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

KRS 515.020. Thus, robbery in the first-degree, in contrast to robbery in the second-degree, requires either physical injury, the defendant be armed with a deadly weapon, or the defendant use or threaten the immediate use of a dangerous instrument. *Id*. By its plain language, the three aggravating circumstances found in first-degree robbery are all "capable of causing physical pain or injury to another person," and thus, would meet the definition of crime of violence under 4B1.2(a). Certainly, the *de minimis* level of force found to constitute robbery under *Jones*, *Davis*, and *Stockton*, *supra*, would not meet the level of force required for first-degree robbery.

In addition, the Sixth Circuit held in the unpublished decision of *Ingram* that first-degree robbery under Kentucky law is a violent felony under the Armed Career Criminal Act. *United States v. Ingram*, 733 F. App'x 812, 815 (6th Cir. 2018). The *Ingram* court followed the holding of *Elliot* wherein the Sixth Circuit held that first-degree robbery was a violent felony that

required proof of force sufficient to satisfy the test from *Johnson*. *Id.* (citing *United States v. Elliott,* 757 F.3d 492, 495, (6th Cir. 2014)). The *Ingram* court did not reach the issue of whether second-degree robbery was a violent felony requiring force that satisfies the test from *Johnson*.[2]

Here, the minimum level of force criminalized by KRS 515.030, robbery in the second-degree, appears to be *de minimis* as it can be as little as the force sufficient to take or snatch personal possession of another against his will, such as snatching a pocketbook from the hand of the victim so quickly that the victim did not have the opportunity to resist. This is lower than the level of violent force required by *Johnson*, *i.e.* that force which is "capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. Thus, the Court does not believe the robbery in the second-degree under KRS 515.030 constitutes a crime of violence under U.S.S.G. § 4B1.2(a)(1).

## C.

If Bizor's prior conviction for second-degree robbery does not qualify as a crime of violence under the elemental clause, then the Court must determine whether it qualifies as a crime of violence under the enumerated clause. The enumerated clause, 4B1.1(a)(2), expressly includes "robbery." However, Bizor's second-degree robbery conviction does not automatically satisfy the enumerated clause simply because "robbery" is an enumerated offense. "[A] state's decision to label certain criminal conduct 'robbery' may not always be dispositive of whether the

---

[2] The Sixth Circuit did reach this issue with respect to Ohio's unarmed robbery statute in *Yates*, and that statute is similar to Kentucky's second-degree robbery statute. *United States v. Yates,* 866 F.3d 723, 728 (6th Cir. 2017). And the Ohio Court of Appeals, like the Kentucky Court of Appeals, has held that the force involved in purse snatching is sufficient to support an unarmed robbery conviction under the Ohio statute. *See id.* at 729-30 (collecting Ohio Court of Appeals decisions affirming unarmed robbery convictions arising out of purse snatchings). The Sixth Circuit explained that this line of Ohio purse-snatching cases compelled the conclusion that unarmed robbery under Ohio law was not a "crime of violence" under the elements clause of § 4B1.2(a). *See id*. The Sixth Circuit also highlighted that several "[o]ther circuits have similarly held that, when a state robbery statute criminalizes minimal force, such as the force incidental to purse-snatching, a conviction under that statute is not a 'crime of violence' under the guidelines force clause...." *Id*. at 730-31 (collecting cases).

7

conduct constitutes a 'crime of violence' under the Sentencing Guidelines." *United States v. Wood*, 209 F.3d 847, 850 (6th Cir. 2000) (citing *Taylor v. United States*, 495 US. 575, 590-92 (1990)).

For an enumerated offense to qualify as a crime of violence, "the offense for which the defendant was convicted must fall within the generic definition of that crime, which is found by surveying how the crime is described across jurisdictions, as well as consulting sources such as the Model Penal Code." *Rede-Mendez*, 680 F.3d at 556. Thus, Bizor's prior second-degree robbery conviction will trigger the career-offender enhancement under the enumerated clause if it falls within the generic definition of robbery. However, "[i]f the [Kentucky] statute [under which Bizor was convicted] criminalizes conduct 'broader than the generic definition' by 'reach[ing] conduct outside the scope of that covered by the generic definition,' however, then that statute cannot constitute a crime of violence under § 4B1.2'" *Yates,* 866 F.3d at 733.

The minimum level of force criminalized under Kentucky law by KRS 515.030 is discussed above. The issue is whether it is broader than the generic definition of robbery. In *Yates* the Sixth Circuit noted that it had not adopted a definition for generic robbery and looked to other circuits that have observed that "the generic form of robbery 'may be thought of as aggravated larceny,' containing at least the elements of 'misappropriation of property under circumstances involving immediate danger to the person.'" *Yates*, 866 F.3d at 733 (citing *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380 (5th Cir. 2006) (brackets omitted) (quoting Wayne R. LaFave, Substantive Criminal Law § 20.3 intro., (d)(2) (2d ed. 2003)), abrogated on other grounds by *United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013))). The *Yates* court concluded that "[g]eneric robbery…constitutes the 'misappropriation of property under circumstances involving immediate danger to the person.' *Id*. (citing *Santiesteban-Hernandez*,

469 F.3d at 380 (brackets omitted) (quoting LaFave, *supra*, § 20.3 intro., (d)(2))). As with the elemental clause, the minimum conduct criminalized by Kentucky second-degree robbery appears to reach conduct outside the scope of that covered by the generic definition set forth in *Yates*. Accordingly, Bizor's previous conviction for second-degree robbery does not constitute a crime of violence under the enumerated clause and the Court accordingly declines to apply the enhancement for same.

D.

Finally, the United States argued at the November 20, 2018 hearing that the Court should employ the modified categorical approach. Under the categorical approach the Court looks only to the fact of conviction and the statutory definition of the prior offense. The modified categorical approach is employed where the statute of prior conviction is "divisible," *i.e.* it has multiple alternative elements that may form the crime. *Descamps v. United States*, 570 U.S. 254, 257 (2013). To employ the modified approach, not only must the statute be divisible, but it must also be ambiguous in that "an individual can violate the statute [of conviction] in a way that constitutes a violent felony and in a way that does not." *United States v. Johnson*, 707 F.3d 655, 659 (6th Cir. 2013). If the statute is both divisible and ambiguous, the Court goes beyond the statute of conviction and looks to a limited class of documents to determine which alternative element formed the crime.

The first step is to determine if the statute is divisible. In determining whether an alternatively phrased statute is divisible the Court looks to whether its listed items are elements or means. *Mathis v. United States*, 136 S.Ct. 2243, 2256, (2016). If a statute contains multiple elements, it is divisible. *Id*. "Elements" are the "constituent parts" of a crime's legal definition— the things the "prosecution must prove to sustain a conviction." *Id*. at 2248 (citing Black's Law

Dictionary 634 (10th ed. 2014)). Means "by contrast, are mere real-world things—extraneous to the crime's legal requirements…[t]hey are 'circumstance[s]' or 'event[s]' having no 'legal effect [or] consequence': In particular, they need neither be found by a jury nor admitted by a defendant." *Id.* (citing Black's Law Dictionary 709). The United States Supreme Court summarized a helpful hypothetical for this distinction between elements and means:

> To use a hypothetical adapted from two of our prior decisions, suppose a statute requires use of a "deadly weapon" as an element of a crime and further provides that the use of a "knife, gun, bat, or similar weapon" would all qualify…[b]ecause that kind of list merely specifies diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual ways of committing some component of the offense—a jury need not find (or a defendant admit) any particular item: A jury could convict even if some jurors "conclude[d] that the defendant used a knife" while others "conclude[d] he used a gun," so long as all agreed that the defendant used a "deadly weapon."

*Id*. at 2249. Thus, the disjunctively listed items in the above example are various factual means of committing a single element, not multiple elements.

Here, Kentucky's second-degree robbery statute KRS § 515.030 Robbery in the second-degree provides "[a] person is guilty of robbery in the second degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft." Second-degree robbery has the elements: 1) in the course of committing theft, and 2) the use or threatened immediate use of physical force upon another person with the intent to accomplish the theft. Kentucky's jury instructions on second-degree robbery require the jury to find the following elements:

A. That in this county on or about _____ (date) and before the finding of the Indictment herein, he [stole] [attempted to steal] _____ (ID property) from (victim);

   AND

   B. That in the course of so doing and with the intent to accomplish the theft, he [used physical force upon _____(victim) by (method)_____ (e.g., by shoving him to the floor).] [threatened the immediate use of physical force upon (victim) by_____ (method) (e.g., with his fists).]

1-6 Cooper & Cetrulo, KENTUCKY JURY INSTRUCTIONS § 6.17. The question here is whether the disjunctively phrased "uses or threatens the immediate use" is two separate elements or merely two separate means for committing a single element. The Kentucky pattern jury instruction demonstrates that the disjunctive phrase "uses or threatens the immediate use" of physical force are diverse means of satisfying the same use of force element. As a result, Kentucky's second-degree robbery statute is indivisible, and accordingly, the inquiry ends and there is no reason to turn to the modified categorical approach.

E.

For the reasons articulated above, the Court **SUSTAINS** Mr. Bizor's objection to the PSI regarding the career offender enhancement set forth in United States Sentencing Guideline § 4B1.1 and finds that the enhancement for his prior second-degree robbery conviction does not apply.